NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: : | |
| : | **Hon. Dennis M. Cavanaugh** |
| KENNETH INGRAM, INC. : | |
| : | **OPINION** |
| _____ : | |
| FV-1, Inc., : | Bankruptcy No.: 04-BK-20811 (NLW) |
| : | Adv. Pro. No.:   04-BK- 2794  (NLW) |
| Plaintiff, : | |
| : | Civil Action No. 05-CV-5177 (DMC) |
| v. | |
| KENNETH INGRAM, AMERIQUEST | |
| MORTGAGE COMPANY, OCWEN | |
| FEDERAL BANK, F.S.B., and | |
| MORTGAGE ELECTRONIC SYSTEMS, | |
| INC., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff FV-1 ("FV-1") for leave to appeal an Order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered October 18, 2005, granting summary judgment in favor of Defendant Ameriquest Mortgage Company ("Ameriquest"), and dismissing FV-1's Complaint against Ameriquest.  No oral argument was heard on this matter pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons stated below, FV-1's motion for leave to appeal is denied.

# I. BACKGROUND

On August 27, 1999, Kenneth Ingram and his wife executed a mortgage on real property located at 13 Hazelhurst Street, New Brunswick, New Jersey (the "Property") in favor of FHB Funding.  (See Declaration of Thomas J. Trautner Jr. ("Trautner Dec."), Ex. A.)  The Middlesex County Clerk's Office recorded the mortgage on October 16, 1999, in MB-6085, page 148.  All interest in same was ultimately assigned to FV-1 (the "FV-1 Mortgage").  Id.

On November 22, 1999, MERS executed a discharge that FV-1 alleges was prepared for a mortgage previously granted to Ocwen.  (See Trautner Dec., Ex. B.)  This discharge erroneously referenced the recording date, book and page of the FV-1 Mortgage.  Id.

On November 16, 2001, Ingram and his wife executed a mortgage on the Property in favor of Ameriquest.  (See Trautner Dec., Ex. C.)  Ameriquest recorded the mortgage on November 27, 2001, in the Middlesex County Clerks' Office in Book 7016, page 673.  Id.

On November 15, 2002, Ingram and his wife executed a second mortgage in favor of Ameriquest.  (See Trautner Dec., Ex. D.)  Ameriquest claims that the search performed by its title agent, Tri-County Lawyer's Service, did not reveal any open mortgages with priority over the first Ameriquest mortgage, and indicated that the FV-1 Mortgage was discharged and no longer open.  (See Trautner Dec., Ex. E.)  Ameriquest recorded the second mortgage on March 24, 2003, in the Middlesex County Clerk's Office in Book 8208, page 745.

On March 31, 2004, Ingram filed a Chapter 13 Bankruptcy Petition, listing Ameriquest as the only mortgagee holding a secured claim with respect to the Property.  (See Trautner Dec., Ex. I.)  FV-1 and its servicing agent, Wilshire Credit Corporation, were listed as unsecured creditors for $1,000.00 and $3,000.00, respectively.  On April 5, 2004, Ingram proposed a Chapter 13

Plan, which called for the curing of arrears as to the second Ameriquest mortgage.  The Plan made no reference to the FV-1 Mortgage.

On October 15, 2004, FV-1 commenced adversary proceedings to determine the status of its lien.  On August 25, 2005, Ameriquest filed a motion for summary judgment against FV-1. FV-1 filed a response and a cross-motion for summary judgment on September 20, 2005.  On October 17, 2005, a hearing on the motions for summary judgment was held before the Hon. Novalyn L. Winfield.  Judge Winfield granted summary judgment in favor of Ameriquest and against FV-1, adjudged that Ameriquest's mortgage had priority over the FV-1 Mortgage, and ordered that FV-1's Complaint be dismissed as to Ameriquest.  The Order was docketed on October 18, 2005.

## II. <u>DISCUSSION</u>

### <u>Standard of Review</u>

District Courts have mandatory jurisdiction to hear appeals from final orders of bankruptcy judges.  See 28 U.S.C. § 158(a).  If the order is interlocutory, the District Court has the discretion to grant or deny leave to appeal.  See <u>Century Glove, Inc. v. First American Bank</u>, 860 F.2d 94, 97 (3d Cir.1988)(noting that a district court may review both final and interlocutory orders of the bankruptcy court).  Here, the parties do not dispute that the instant action concerns an interlocutory appeal.  As such, this Court must determine whether an interlocutory appeal is warranted in this instance.

While 28 U.S.C. § 158(a) sets forth no standard for determining when the district court should grant leave to hear interlocutory appeals, courts construing the provision have adopted the approach set forth in 28 U.S.C. § 1292(b), which provides that standard by which the courts of

appeals are to accept interlocutory appeals from the district courts. Thus, the general rule that applies here, as with § 1292(b), is that interlocutory appeals are allowed when three requirements are satisfied: (1) a controlling question of law is involved; (2) the question is one where there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. See 10 Collier on Bankruptcy ¶ 8003.03 (15th rev. ed. 2004) ("Collier on Bankruptcy"); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee, 321 B.R. 147, 156 (D.N.J. 2005); See Matter of Bertoli, 58 B.R. 992 (1986), 994 - 995 (D.N.J. 1986)(internal citations omitted). To this end, courts have acknowledged that "certification is appropriate only in exceptional cases." Piazza v. Major League Baseball , 836 F.Supp. 269, 270 (E.D.Pa.1993) (internal quotations and citations omitted); see also Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir.1976); In re Machinery, Inc., 275 B.R. 303, 306 (8th Cir. BAP 2002).

**Analysis**

　　FV-1 seeks leave to appeal the Bankruptcy Court's interlocutory order granting summary judgment in favor of Ameriquest and adjudging Ameriquest's mortgage to have priority over the FV-1 Mortgage. FV-1 contends that the issues that it presented to the Bankruptcy Court involved controlling issues of law as to which there were substantial differences of opinion. However, the authority presented by FV-1, namely Freeholders of Middlesex v. Thomas & Martin, 20 N.J. Eq. 39 (1869); Heyder and Others v. Excelsior Buildings Loan Ass'n, 42 N.J. Eq. 403, 407 (1886); General Motors Acceptance Corp. v. Larson, 110 N.J. Eq. 305 (1932); and Rosenblatt v. Horn, 111 N.J. Eq. 468, 469-70 (1932), is factually distinguishable from the case at hand. Furthermore,

FV-1 does not provide any cases or other authority in support of its assertion that there is a difference of opinion on the issue of whether a mortgage, inadvertently discharged by a third party without authorization of the mortgagee, should be reinstated to its original priority, even over a subsequent mortgage.  To the contrary, it is well-establish in the Third Circuit and New Jersey courts that pursuant to the New Jersey Recording Act, N.J.S.A. 46:21-1, absent actual notice or notice from a reasonable search of public records, a subsequent mortgagee has priority over a prior recorded mortgage.  Howard Sav. Bank v. Brunson, 244 N.J.Super. 571, 578 (1990); Palamarg Realty Co. v. Rehac, 80 N.J. 446, 456 (1979); Glorieux v. Lighthipe, 88 N.J.L. 199 (E. & A.1915).  In addition, the Recording Act states that if a recordable instrument affecting title to real property is not duly and properly recorded, the instrument shall be "void and of no effect against subsequent judgment creditors without notice, and against all subsequent bona fide purchasers and mortgagees for valuable consideration, not having notice thereof, whose deeds shall have been first duly recorded or whose mortgage shall have been first duly recorded or registered."  N.J.S.A. 46:22-1.  FV-1 has failed to bring this Court's attention to any prevailing difference of opinion that exists over this issue.  The Court reminds FV-1 that a party's mere disagreement with the Bankruptcy Court's ruling does not constitute a "substantial ground for difference of opinion" within the meaning of § 1292(b). Cardona v. General Motors Corp., 939 F.Supp. 351, 353 (D.N.J. 1996).  Rather, the "difference of opinion" must arise out of genuine doubt as to the correct legal standard. Id.

The Court further notes that an appeal of the Judge Winfield's Order will not materially advance the ultimate termination of the litigation.  Although FV-1 maintains that an immediate

appeal will materially advance the ultimate termination of this litigation in that it will resolve FV-1's ultimate priority in the final confirmation of Kenneth Ingram's Chapter 13 Plan, a review of the Bankruptcy Court docket for the underlying litigation indicates that bankruptcy petition at issue has been dismissed.  (See Final Decree, March 1, 2006, BK No. 04-20811, Hon. Novalyn Winfield.)  This fact renders FV-1's main argument in favor of material advancement moot.  As such, an appeal would neither reduce the time or expense of the underlying litigation.

In light of the above, FV-1 has failed to sustain its burden of showing that leave to appeal is warranted.  Although controlling questions of law may present, FV-1 has not convinced this Court that substantial difference of opinion exists on these questions, nor that an appeal would materially advance the ultimate termination of the litigation.  As such, FV-1's motion for leave to appeal must be denied.

### III. <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Plaintiff FV-1's motion for leave to appeal is denied.  An appropriate Order accompanies this Opinion.

S/   Dennis M. Cavanaugh

Dennis M. Cavanaugh, U.S.D.J.

Date:            April 4, 2006
Original:       Clerk's Office
Cc:              All Counsel of Record
                    The Honorable Mark Falk, U.S.M.J.
                    File